✎JS 44   (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Matt Nasuti

**(b)** County of Residence of First Listed Plaintiff   Lawrence
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Matt Nasuti, pro se, 810 North Main Street, #221, Spearfish, SD 57783, (413) 772-9802

## DEFENDANTS
Walmart, Inc.

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)
Christopher R. Hedican, Baird Holm LLP, 1700 Farnam St., Ste. 1500 Omaha NE 68102 (402) 636-8311

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN   (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
29 U.S.C. § 1601 et seq
Brief description of cause:
Plaintiff alleges age discrimination and wrongful discharge from employment

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE
DOCKET NUMBER

DATE   04/03/2020
SIGNATURE OF ATTORNEY OF RECORD   s/Christopher R. Hedican

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.** **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction**. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit**. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin**. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.** **Cause of Action**. Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity**. Example: U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint**. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases**. This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature**. Date and sign the civil cover sheet.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH DAKOTA
# WESTERN DIVISION

| | |
|---|---|
| MATT NASUTI,<br><br>　　　　Plaintiff,<br><br>v.<br><br>WALMART, INC.,<br><br>　　　　Defendant. | CASE NO. 20-5023<br><br>**NOTICE OF REMOVAL** |

　　　　Defendant Walmart Inc. hereby gives notice of the removal of the above-captioned action from the Fourth Judicial District, Lawrence County, Circuit Court of South Dakota, Case No. 20-45, to the United States District Court for the District of South Dakota.  In support of this notice, Defendant states as follows:

　　　　1.　　Defendant removes this action to Federal Court based upon diversity of citizenship jurisdiction.

　　　　2.　　Plaintiff filed the above-captioned original civil action on March 3, 2020, in the Fourth Judicial District, Lawrence County, Circuit Court of South Dakota, and served Defendant with the Complaint on March 6, 2020.  Plaintiff thereafter filed his First Amended Complaint and served Defendant with it on March 13, 2020.  Defendant has timely removed this matter within thirty (30) days.  This action is wholly civil in nature. The United States District Court for the District of South Dakota has original jurisdiction under 28 U.S.C. § 1332, and Defendant may remove the action pursuant to 28 U.S.C. § 1441.

　　　　3.　　This Court has diversity of citizenship jurisdiction over this matter because the controversy is between citizens of different states and the amount in controversy

exceeds $75,000.00 exclusive of interest and costs.  Plaintiff is a citizen of South Dakota, while Walmart is a Delaware corporation with its principal place of business in Bentonville, Arkansas.

4. Specifically, Plaintiff alleges that "Plaintiff is a South Dakota resident currently residing in Spearfish, S.D."  (Exhibit A, First Amended Complaint ¶2). Accordingly, Plaintiff is a citizen of South Dakota.  Plaintiff further alleges that "Defendant is a Delaware corporation . . . with its headquarters located at 708 SW 8th Street, Bentonville, Arkansas 72716. . . ." (Exhibit A, ¶3)  Therefore, Defendant is a citizen of a state other than South Dakota.

5. The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.  As relevant here, Plaintiff's First Amended Complaint requests "1. Compensatory Damages for lost pay, bonus and benefits, in the present amount of $1,000, or according to proof as Plaintiff's weekly damages increases[1];" and 2. "Punitive/Exemplary Damages in an amount necessary to both punish and convince Defendant that it must not again act with oppression, malice and intimidation with its employees."  (Ex. A, Wherefore Clause).  Plaintiff's compensatory damages for lost pay equal approximately $64,000.  Plaintiff alleges that he was an assistant store manager with an annual salary of $48,500.  *See id.* ¶ 7.   Including bonuses, the Plaintiff alleges that assistant store managers earn $64,000 annually.  *See id.* ¶ 9.

With an expected trial date of at least one year from now, the Plaintiff's lost wages damages alone are approximately $64,000.  *See Fenlon v. Burch*, 2015 WL 928558, *3 (E.D. Mo. Mar. 4, 2015) ("Moreover, measuring lost wages through the time of trial [for purposes of amount-in-controversy] better comports with common sense.").  The Plaintiff's

---

[1] Defendant alleges that Walmart awards most of its employees at most a 2% annual pay raise.  (Ex. A, ¶9)

2

punitive damages claim, taken together with his $64,000 of lost wages, causes the Plaintiff's total damages to exceed $75,000.  *See, e.g.*, *Kim v. Nash Finch Co.*, 123 F.3d 1046 (8th Cir. 1997) (affirming $300,000 punitive damages award in employment discrimination and retaliation case); *Blackmon v. Pinkerton Sec. & Investigative Servs.*, 182 F.3d 629 (8th Cir. 1999) (requiring district court to reinstate $100,000 punitive damages award in retaliation and sexual harassment suit).  Because of the nature of the Plaintiff's claimed damages, Walmart has a good faith belief that the Plaintiff's alleged damages exceed $75,000.  Accordingly, the amount in controversy exceeds $75,000, exclusive of interests and costs.  28 U.S.C. § 1446(c)(2)(A).

6. Defendant files this Notice of Removal pursuant to 28 U.S.C. § 1446 within 30 days of service of the Complaint.

7. Defendant expressly reserves all defenses to Plaintiff's claims, including, but not limited to, all defenses based in law, equity, statute, constitution, jurisdiction, or immunity, any other defense or avoidance, and does not waive any defense by this removal.

8. Attached as Exhibit "A" and incorporated by reference is a true and correct copy of the state court pleadings served upon Defendant and removed by this notice. Exhibit "A" is a true and correct copy of all filings known to Defendant in the Fourth Judicial District, Lawrence County, Circuit Court of South Dakota. To Defendant's knowledge, no other pleadings or papers have been filed with such court.

9. Attached as Exhibit "B" is a true and correct copy of the Notice of Filing of Notice of Removal which has been served with this document on all parties and will be filed with the Fourth Judicial District, Lawrence County, Circuit Court of South Dakota.

10. Defendant requests trial of this matter in Rapid City, South Dakota.

WHEREFORE, Defendant notifies the Court of the removal of this action from the Fourth Judicial District, Lawrence County, Circuit Court of South Dakota to the United States District Court for the District of South Dakota.

Dated this 3rd day of April 2020.

            WALMART INC., Defendant.

         By: s/Christopher R. Hedican
            Christopher R. Hedican (SD# 3659)
            Michael Roccaforte (*pro hac vice* pending)
            BAIRD HOLM LLP
            1700 Farnam St, Ste 1500
            Omaha, NE  68102-2068
            Phone:  402-344-0500
            Facsimile: 402-344-0588
            E-mail:  chedican@bairdholm.com
            E-mail:  mroccaforte@bairdholm.com
            ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on April 3, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

 none

and I hereby certify that I have emailed this document to the following non CM/ECF participants:

 Matt Nasuti – mattnasuti@hotmail.com

              s/ Christopher R. Hedican