UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| MATT NASUTI, | \* | CIV 20-5023 |
| Plaintiff, | \* | |
| -vs- | \* | MEMORANDUM OPINION AND ORDER |
| WALMART, INC. | \* | |
| Defendant. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Plaintiff, Matt Nasuti, has filed a Motion to Remand this case to the state circuit court in Lawrence County, South Dakota, where it was originally filed. (Doc. 4.) The issue is whether the amount in controversy is sufficient to support diversity jurisdiction. Because the preponderance of the evidence establishes that jurisdiction does exist, the Motion to Remand is denied.

## BACKGROUND

On March 3, 2020, Nasuti sued Walmart in South Dakota's Fourth Judicial District claiming damages for retaliation, including termination of his employment as assistant store manager, following his reports of abusive and/or illegal conduct by the store manager toward multiple male and female employees at Walmart's Spearfish, South Dakota, store. Proceeding pro se, Nasuti sought compensatory damages for lost pay, bonus and benefits, "in the present amount of $1,000, or according to proof as Plaintiff's weekly damages (loss of back/front pay) increases." (Doc. 1-2 at 8.) He also requested reinstatement, declaratory and injunctive relief. Shortly thereafter, Nasuti filed an Amended Complaint adding, among other things, a claim for punitive damages. (Doc. 1-2 at 22.) He does not specify an amount of punitive damages.

Walmart filed a timely Notice of Removal, stating that jurisdiction was proper under 28 U.S.C. § 1332, by reason of diversity of citizenship. Walmart alleged that the amount in controversy exceeded $75,000 and that the parties are citizens of different states. Nasuti is a citizen

of South Dakota and Walmart is a Delaware corporation having a principal place of business in Bentonville, Arkansas.

Nasuti moved to remand the action to state court claiming the amount in controversy does not exceed $75,000. (Nasuti did not contest Walmart's description of the citizenship of the parties.) Nasuti said that his salary at Wal-Mart was $48,500 annually and that his bonus for this year might be about $900. He referred to the case as a "small claims action," and said he is willing to amend his complaint to stipulate that his back pay claim will not possibly exceed $75,000.00. He also indicates that the primary purpose of this lawsuit is to gain his reinstatement.

In response, Walmart argued that the relief sought by Nasuti for back pay, punitive damages, and reinstatement exceed the $75,000 threshold. Walmart said Nasuti did not respond to the company's request that Nassuti stipulate his damages are no more than $12,000 (the jurisdictional maximum for small claims court), in exchange for remand.

In reply, Nasuti generally disputed Walmart's calculations and offered to stipulate that he will not seek damages in excess of $75,000 in this lawsuit.

## DISCUSSION

A federal district court's jurisdiction to hear a civil case that has been removed from state court is limited to those cases over which the court also has original jurisdiction. 28 U.S.C. § 1441(a). In this case, Walmart premises federal jurisdiction on diversity of citizenship, which requires that the plaintiff and defendant be citizens of different states, and that the amount in controversy exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

When the complaint alleges an amount under the jurisdictional minimum, the removing party bears the burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *In re Minn. Mut. Life Ins. Co. Sales Practices Litig.*, 346 F.3d 830, 834 (8th Cir. 2003). The defendant satisfies the preponderance of the evidence standard if he shows that "a fact finder might legally conclude" that the amount of damages are greater than $75,000.00. *Bell v. Hershey*, 557 F.3d 953, 959 (8th Cir. 2009) (internal quotation marks and citation omitted). This inquiry by the district court is fact intensive, *id.*, and actual damages, punitive damages, the value of injunctive relief, and attorney's fees are all included when determining the proper amount, *Feller v. Hartford Life & Accident Ins. Co.*, 817 F.Supp.2d 1097, 1101 (S.D. Iowa 2010) (citing *Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238 (1943)). Because the complaint in this case does not

allege a specific amount of damages other than lost wages, bonuses and benefits of $1,000 per week, Walmart must show that a fact finder might legally conclude Nasuti's damages are greater than $75,000 to avoid having the case remanded to state court.

Walmart supports its claim as to the amount in controversy in four ways. First, it points out that if trial were held in April 2021, for example, then Nasuti's front pay damages would run from the date of his termination, March 2, 2020, to the date of trial. In this 13-month timespan, Walmart estimates that Nasuti would accrue about $53,516.67 in damages for back pay. This amount does not include the value of lost benefits, which Nasuti also seeks. According to Walmart, including even a modest amount of benefits, for healthcare coverage and retirement, pushes the amount in controversy within the range of $75,000.

Second, Walmart argues that Nasuti's punitive damages claim could be in excess of $75,000. It cites employment retaliation and wrongful termination cases where courts have upheld punitive damages awards well in excess of $75,000. *See, e.g.*, *Kim v. Nash Finch Co.*, 123 F.3d 1046 (8th Cir. 1997) (affirming $300,000 punitive damages award in employment discrimination and retaliation case); *Blackmon v. Pinkerton Sec. & Investigative Servs.*, 182 F.3d 629 (8th Cir. 1999) (requiring district court to reinstate $100,000 punitive damages award in retaliation and sexual harassment suit). Contrary to Nasuti's assertion, Walmart is not required to admit the validity of the punitive damage claim in order for the Court to consider it for jurisdictional purposes. *See Schubert v. Auto Owners Ins. Co.*, 649 F.3d 817, 821 (8th Cir. 2011) (citing *In re Reisenberg*, 208 U.S. 90, 108 (1908)) ("Jurisdiction does not depend upon the fact that the defendant denies the existence of the claim made, or its amount or validity.").

Third, Walmart correctly contends that the cost of reinstating Nasuti should be considered to determine the amount in controversy. "The amount in controversy in a suit for injunctive relief is measured by the value to the plaintiff of the right sought to be enforced." *Burns v. Massachusetts Mutual Life Ins. Co.*, 820 F.2d 246, 248 (8th Cir. 1987). Because Nasuti seeks reinstatement for an indefinite period of time, Walmart values reinstatement in excess of $75,000 given Nasuti's annual compensation of $48,500, plus a $900 bonus. *See Gable v. MSC Waterworks Co., Inc.*, 2012 WL 1118980, *4 (N.D. Okla. Apr. 3, 2012) (in combination with plaintiff's demand for money damages, amount in controversy met where "[p]laintiff seeks reinstatement for an indefinite period of time" and earned $35,000 per year). Even if Nasuti's reinstatement is not valued in excess of $75,000,

Walmart asserts that the cost of reinstatement taken together with Nasuti's request for front pay and punitive damages easily pushes the amount in controversy above the $75,000 threshold.

Fourth, Walmart argues that Nasuti's refusal to stipulate to the amount in controversy is evidence that the amount in controversy exceeds $75,000. Walmart cites *Aerostar, Inc. v. Haes Grain & Livestock, Inc.*, 2012 WL 1030446, *7 (N.D. Iowa Mar. 27, 2012) (concluding that a plaintiff's "refusal to stipulate to the amount in controversy may be evidence of the value of a claim at the time of filing or removal of a federal action," though the refusal standing by itself is not definitive proof that the amount in controversy exceeds $75,000), and *Eisenhauer v. Dollar Gen. Corp.*, 2014 WL 422643, *3 (D. Neb. Feb. 4, 2014) (holding that "[a] plaintiff's refusal to stipulate that the amount in controversy is less than $75,000 is some evidence that the jurisdictional threshold has been met."). This argument is to no avail, however, because Nasuti did not refuse to stipulate that the amount in controversy is less than $75,000. By its own admission, Walmart asked Nasuti to stipulate that his damages are no more than $12,000, the jurisdictional maximum for small claims court; Walmart did not request a stipulation to less than $75,000.

In fact, in his reply, Nasuti offers to stipulate that he will not seek damages in excess of $75,000 in this lawsuit. But the Court's jurisdiction is measured either at the time the action is commenced or at the time of removal. *McLain v. Andersen Corp.*, 567 F.3d 956, 965 (8th Cir. 2009); *Kansas Pub. Employees Ret. Sys. v. Reimer & Kroger Assocs., Inc.*, 77 F.3d 1063, 1067–68 (8th Cir.1996). A post-removal stipulation reducing the amount in controversy is insufficient to destroy federal jurisdiction. *See Rogers v. Wal–Mart Stores, Inc.*, 230 F.3d 868, 872–73 (6th Cir. 2000) (holding that because jurisdiction is determined as of the time of removal, post-removal stipulations that reduce the amount in controversy do not require remand to state court). A plaintiff may not "by stipulation, by affidavit, or by amendment of his pleadings, reduce [ ] the claim below the requisite amount" to defeat federal jurisdiction. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938).

The Amended Complaint indicates Nasuti seeks more than $75,000.00 in this case, particularly considering that lost wages, punitive damages, and injunctive relief are sought. The Court finds reasonable Walmart's estimated value of lost wages, punitive damages and the cost of reinstatement. There is enough to establish that a fact finder might legally conclude that the amount of damages is greater than $75,000.00.

In summary, Walmart has shown by a preponderance of the evidence that federal jurisdiction exists in this case, and the motion to remand is denied.

Finally, both parties have moved the Court for a protective order after being served with discovery requests in advance of the parties' Rule 26(f) conference. (Docs. 5 and 12.) The discovery that both parties have served is premature. Rule 26(d)(1) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). The parties have not yet met for a Rule 26(f) conference, this case is not exempted under Rule 26(a)(1)(B), and there is no stipulation or court order allowing the parties to conduct early discovery. The motions for a protective order will be granted.  Accordingly,

**IT IS ORDERED:**

1. That the Motion to Remand, Doc. 4,  is denied; and

2. That the Motions for Protective Order, Docs. 5 and 12, are granted and the parties need not answer the premature discovery requests.

Dated this 3rd day of June, 2020.

BY THE COURT:

_____
Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK

_____