UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

|  |  |
|---|---|
| MATT NASUTI,  Plaintiff,  -vs-  WALMART, INC.  Defendant. | CIV 20-5023  MEMORANDUM OPINION AND ORDER |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

After a hearing on July 2, 2020, the Court ordered the Plaintiff, Matt Nasuti ("Nasuti"), to brief whether he has standing to assert claims in his proposed Second Amended Complaint that exceeded the scope of his wrongful termination claims and that were brought on behalf of other Walmart employees. The issue of Nasuti's standing has been fully briefed by the parties. The Court concludes that Nasuti does not have standing to assert claims on behalf of others. The Court will grant Nasuti's request to withdraw his motions for leave to file a Second Amended Complaint, and the case will proceed with the wrongful termination claims Nasuti asserted in his First Amended Complaint.

## BACKGROUND

On March 3, 2020, Nasuti sued Walmart in South Dakota's Fourth Judicial District claiming damages for retaliatory termination of his employment as assistant store manager, following his reports of abusive and/or illegal conduct by the store manager toward multiple male and female employees at Walmart's Spearfish, South Dakota, store. Shortly thereafter, Nasuti filed an Amended Complaint adding, among other things, a claim for punitive damages. (Doc. 1-2 at p. 11-24.) Proceeding pro se, Nasuti asserted two claims: 1) breach of employment agreement and 2) public policy tort of retaliatory discharge. (Doc. 1-2 at pp. 17, 20.) In addition to punitive damages, he sought compensatory damages for lost pay, bonus and benefits, and he requested reinstatement, declaratory and injunctive relief. (Doc. 1-2 at p. 22.)

Walmart removed the action to this Court based on diversity of citizenship under 28 U.S.C. § 1332. On June 3, 2020, the Court issued a Memorandum Opinion and Order denying Nasuti's motion to remand the action to state court. (Doc. 17.) In the same Memorandum Opinion and Order, the Court addressed motions filed by both parties asking for protective orders from discovery requests. Noting that discovery was premature because the parties had not yet met for a Rule 26(f) conference, the Court granted both motions.[1] (Doc. 17.)

After the June 3, 2020 Memorandum Opinion and Order was issued, Nasuti asked for leave to file a Second Amended Complaint that included allegations unrelated to his wrongful termination claims. (Doc. 18.) He proposed a revised Second Amended Complaint on June 16, 2020. (Doc. 24.) Nasuti also filed three motions to compel and two motions for sanctions. (Docs. 25, 30, 31, 33, 38.) In addition, Nasuti requested bifurcation of the wrongful termination and the "secrecy" issues for trial. (Doc. 23.) The parties agreed to entry of a protective order to govern sensitive and confidential information disclosed during discovery, but they could not agree on the substance of the order. (Doc. 26.)

Walmart asked the Court to hold a scheduling conference, certifying that "it has been unable to reach agreement with pro se plaintiff Matt Nasuti over the contents of the parties' Rule 26(f) Report." (Doc. 20.) Walmart attached copies of the parties' respective proposed positions on the Rule 26 Report. Walmart also requested a protective order to prevent Nasuti from deposing Lance Lanciault and Julie Murphy. (Doc. 27.)

After reviewing the parties' filings the Court scheduled a status conference. (Doc. 35.) During the status conference on July 2, 2020, the Court explained that one purpose of the conference was to establish the basic pleadings so that discovery would be proportional to the issues in the case. The Court began by striking paragraphs from Nasuti's proposed Second Amended Complaint (Revised) that exceeded the scope of his wrongful termination claims, including those claims in paragraphs seven, eight and ten of the proposed Second Amended Complaint (Revised), and paragraphs two, three and four in the Prayer for Relief section. (Doc. 24-1.) Nasuti protested, stating

---

[1] Following the Court's Memorandum Opinion and Order, Walmart indicated that the parties had held an unsuccessful Rule 26(f) conference before Walmart served its discovery requests. (Doc. 21.) In his brief on standing, Nasuti noted that the conference occurred on June 1, 2020, but the parties could not agree and the Court was not provided with a Rule 26(f) discovery plan. (Doc. 43, p. 14.)

that the purpose of his lawsuit is to protect female workers at the Walmart store who, according to Nasuti, don't have any rights and can't file their own lawsuits. The Court expressed doubt that Nasuti had standing to assert claims on behalf of other Walmart employees, but the Court allowed briefing on the issue.

## DISCUSSION

In his initial brief on the standing issue, Nasuti does not argue and cites no authority that he has standing to assert claims on behalf of other Walmart associates. He effectively concedes that he does not have standing. He states that he "is not representing them nor coordinating with them on this case." (Doc. 43, p. 2.) Nasuti also withdraws his motion for leave to file a Second Amended Complaint, and indicates that he will proceed with his First Amended Complaint. *Id.* Nasuti's First Amended Complaint is the one that Walmart removed to this Court. (Doc. 1-2 at pp. 11-24.)

In its responsive brief, Walmart cites authority showing that Nasuti does not have standing to assert claims on behalf of his former co-workers. In his reply brief, Nasuti does not attempt to distinguish the caselaw and fails to address Walmart's argument that he lacks standing to assert claims on behalf of women who work at the Walmart store in Spearfish. After consideration of the parties' arguments and authority, the Court concludes that Nasuti lacks standing to assert claims of other Walmart employees. For that reason, Nasuti's request to withdraw his motions for leave to file a Second Amended Complaint is granted. Nasuti will proceed on his First Amended Complaint. (Doc. 1-2 at pp. 11-24.) His claims are limited to whether Walmart wrongfully terminated his employment. Thus, paragraphs two and three of his Prayer for Relief in the First Amended Complaint are stricken because Nasuti requests relief on behalf of others in those paragraphs. (Doc. 1-2 at pp. 22-24.)

Now that the issues are limited to whether Walmart wrongfully terminated Nasuti's employment, there is no need to bifurcate any issues for trial as requested by Nasuti. (Doc. 23.) Furthermore, the Court will deny the motion to bifurcate in its discretion. Courts have broad discretion in determining whether to bifurcate and grant separate trials under Federal Rule of Civil Procedure 42. *O'Dell v. Hercules, Inc.*, 904 F.2d 1194, 1201–02 (8th Cir. 1990). In exercising this discretion, a court should consider "the preservation of constitutional rights, clarity, judicial economy, the likelihood of inconsistent results and possibilities for confusion." *Id.* at 1202. However, the key issue is whether bifurcation is necessary to avoid prejudice, and the burden is on

the party seeking bifurcation to demonstrate it will be prejudiced if the claims are not bifurcated. *See Athey v. Farmers Ins. Exchange*, 234 F.3d 357, 362 (8th Cir. 2000) (because the movant could not show prejudice, the district court did not abuse its discretion by refusing to bifurcate claims). Separating issues for trial "is not to be routinely ordered." Fed.R.Civ.P. 42(b) advisory committee note; *see also* 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2388 (3d ed. 2020) ("The piecemeal trial of separate issues in a single lawsuit . . . is not to be the usual course. Thus, Rule 42(b) should be resorted to only as the result of the exercise of informed discretion when the district judge believes that separation will achieve the purposes of the separate trial rule."). Here, Nasuti has not demonstrated that bifurcation would avoid prejudice or promote judicial economy.

An Order for Discovery Report and Scheduling Information will be issued in this case. Once the parties respond and a Scheduling Order is issued,[2] the parties will begin discovery anew, limited to Nasuti's claims for breach of employment agreement and unlawful termination in violation of public policy.

The parties agree that a protective order may be entered to govern sensitive and confidential information that will be disclosed during discovery. (Doc. 26.) A party may obtain a protective order upon a showing of good cause. *General Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973). Federal Rule of Civil Procedure 26(c)(1) governs the granting of a protective order:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending—or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]

---

[2] Federal Rule of Civil Procedure 16(b) requires the Court to issue an order setting deadlines for various stages of the litigation after receiving the parties' report under Rule 26(f), or after consulting with the attorneys and unrepresented parties at a scheduling conference. FED.R.CIV.P. 16(b)(1).

FED.R.CIV.P. 26(c)(1). The trial court has significant discretion in either granting or denying a protective order, and "only an abuse of that discretion would be cause for reversal." *General Dynamics Corp.*, 481 F.2d at 1212. To show good cause for a protective order, the movant must articulate "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Id.* (internal citation and quotation marks omitted). Due to the confidential nature of some of the information that has been requested in discovery, the Court finds there is good cause for entry of a protective order.

Both parties requested different Protective Orders, and the Plaintiff's request is denied and the Defendant's request is denied in part and granted in part with the actual Protective Order being entered by a separate Order.

Because the parties will begin anew with discovery that is proportional to Nasuti's wrongful termination claims, all of the pending motions regarding discovery are denied. Now that the issues are narrowed the Court does not expect disputes over discovery, but if disputes arise and the parties are not able to resolve them, the Court will address them at that time. "The parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes." *Vallejo v. Amgen, Inc.*, 903 F.3d 733, 742 (8th Cir. 2018) (quoting Fed.R.Civ.P. 26 advisory committee notes (2015 amendments)). Accordingly,

**IT IS ORDERED:**

1. That Plaintiff's Motions to Amend/Correct are denied as moot (docs. 18 and 24);

2. That Plaintiff's Motion to Bifurcate is denied (doc. 23);

3. That Plaintiff's Motions to Compel are denied (docs. 25, 31 and 38);

4. That both parties requested different Protective Orders, and the Plaintiff's request is denied (doc. 26) and the Defendant's request is denied in part and granted in part (doc. 41), with the actual Protective Order being entered by a separate Order;

5. That Plaintiff's Motions for Sanctions are denied (docs. 30 and 33);

6. That Defendant's Motion for Protective Order to prevent the depositions of Lance Lanciault and Julie Murphy is denied as moot (doc. 27); and

7. That an Order for Discovery Report and Scheduling Information will be issued. Once the parties respond and a Scheduling Order is issued, the parties will begin discovery anew, limited to Nasuti's claims for breach of employment agreement and public policy tort of retaliatory discharge.

Dated this 3rd day of November, 2020.

BY THE COURT:

*/s/ Lawrence L. Piersol*
Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK

*/s/ Matthew Thelen*