UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| MATT NASUTI, | \* | CIV 20-5023 |
| Plaintiff, | \* | |
| -vs- | \* | MEMORANDUM OPINION |
| | \* | AND ORDER DENYING MOTION |
| WALMART, INC. | \* | FOR SUMMARY JUDGMENT |
| Defendant. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Plaintiff, Matt Nasuti ("Nasuti"), has filed a motion for summary judgment. (Doc. 56.) Defendant, Walmart, Inc. ("Walmart") opposes the motion. (Doc. 58.) For the following reasons, the motion for summary judgment is denied.

## BACKGROUND

On March 3, 2020, Nasuti filed this wrongful termination lawsuit against Walmart in South Dakota state court. Nasuti alleged that Walmart terminated his employment as assistant store manager at Walmart's Spearfish, South Dakota, store following his reports of abusive and illegal conduct by the store manager toward multiple male and female employees. Shortly thereafter, Nasuti filed an Amended Complaint in state court adding, among other things, a claim for punitive damages. (Doc. 1-2 at p. 11-24.) Nasuti asserted two claims: 1) breach of employment agreement and 2) public policy tort of retaliatory discharge. (Doc. 1-2 at pp. 17, 20.) In addition to punitive damages, he sought compensatory damages for lost pay, bonus and benefits, and he requested reinstatement, declaratory and injunctive relief. (Doc. 1-2 at p. 22.)

Walmart removed the action to this Court based on diversity of citizenship under 28 U.S.C. § 1332. On June 3, 2020, the Court issued a Memorandum Opinion and Order denying Nasuti's motion to remand the action to state court. (Doc. 17.) In the same Memorandum Opinion and Order, the Court addressed motions filed by both parties asking for protective orders from discovery

requests. Noting that discovery was premature because the parties had not yet met for a Rule 26(f) conference, the Court granted both motions.[1] (Doc. 17.)

After the June 3, 2020 Memorandum Opinion and Order was issued, Nasuti asked for leave to file a Second Amended Complaint that included allegations unrelated to his wrongful termination claims. (Doc. 18.) He proposed a revised Second Amended Complaint on June 16, 2020. (Doc. 24.) Nasuti also filed several motions to compel and motions for sanctions.

Walmart asked the Court to hold a scheduling conference, certifying that "it has been unable to reach agreement with pro se plaintiff Matt Nasuti over the contents of the parties' Rule 26(f) Report." (Doc. 20.)

The Court scheduled a status conference. (Doc. 35.) During the status conference on July 2, 2020, the Court explained that one purpose of the conference was to establish the basic pleadings so that discovery would be proportional to the issues in the case. After listening to arguments from Nasuti and counsel for Walmart, the Court set a briefing schedule for the parties to address whether Nasuti had standing to assert his new claims on behalf of other Walmart employees. After reviewing the briefs the Court held that Nasuti does not have standing to assert such claims. (Doc. 47.)

After narrowing the issues and denying all pending motions related to discovery, the Court explained that the parties would begin discovery anew. (Doc. 47.) A protective order was issued to protect confidential information from being disclosed outside of this litigation. (Doc. 49.)

On November 6, 2020, the Court issued an Order for Discovery Report and Scheduling Information, directing the parties to meet and prepare a response, including proposed dates for discovery and motion deadlines. (Doc. 50.)

On November 20, Nasuti requested an immediate trial date, stating in part that he does not have the resources to begin discovery anew. (Doc. 53.) Walmart opposed Nasuti's request for an immediate trial date, indicating that it required more discovery "to assess the viability of a dispositive motion and if so pursue one." (Doc. 54, p. 1.)

---

[1] Following the Court's Memorandum Opinion and Order, Walmart indicated that the parties had held an unsuccessful Rule 26(f) conference before Walmart served its discovery requests. (Doc. 21.) In his brief on standing, Nasuti noted that the conference occurred on June 1, 2020, but the parties could not agree and the Court was not provided with a Rule 26(f) discovery plan. (Doc. 43, p. 14.)

In response to this Court's Order for a Discovery Report that was issued on November 6, 2020, Walmart filed a Discovery Report on December 11, 2020. (Doc. 55.) The Discovery Report states that the parties participated in a telephonic Rule 26(f) conference on November 30, 2020. The Report includes statements from Nasuti about the case, but it states that "Mr. Nasuti indicates that he does not believe that he can or will be able to pursue discovery and therefore the submission should not be regarded as a joint discovery plan." (Doc. 55, p. 2 n.1.) The Court has not yet entered a Scheduling Order.

On December 18, 2020, Nasuti filed a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Nasuti argues that he was fired by a person who lacked the delegated authority to do so. Thus, according to Nasuti, his termination was an ultra vires act, his firing is void, he remains a Walmart employee, and he is entitled to wages and benefits. Walmart objects, asserting that the individuals who made the decision to terminate Nasuti had the authority to do so. In addition, Walmart contends that Nasuti's ultra vires theory lacks merit in light of South Dakota's presumption of at-will employment.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). The moving party can meet this burden by presenting evidence that there is no dispute of material fact or by showing that the nonmoving party has not presented evidence to support an element of its case on which it bears the ultimate burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). To avoid summary judgment, "[t]he nonmoving party may not rest on mere allegations or denials, but must demonstrate on the record the existence of specific facts which create a genuine issue for trial." *Mosley v. City of Northwoods*, 415 F.3d 908, 910 (8th Cir. 2005) (quotation omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986) (citing 9A Charles Alan Wright et al., Federal Practice and Procedure, § 2725, at 93–95 (3d ed. 1983)). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an

3

otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Id.* at 247–48.

In ruling on a motion for summary judgment, the Court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts. *AgriStor Leasing v. Farrow*, 826 F.2d 732, 734 (8th Cir. 1987). All facts presented to the district court by the non-moving party are accepted as true if properly supported by the record. *See Beck v. Skon*, 253 F.3d 330, 332–33 (8th Cir. 2001). Moreover, "at the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. The court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52.

## DISCUSSION

The following facts are taken from Nasuti's Statement of Undisputed Facts in support of his motion for summary judgment (Doc. 57), and Walmart's Response (Doc. 58).

**1. Undisputed Facts**

Walmart hired Nasuti on or about August 26, 2019. On March 2, 2020, Nasuti received an email from Market (District) HR Manager Kacie Hall informing him that his employment had been terminated. Hall consulted with in-house counsel prior to making the decision to terminate Nasuti.

Walmart admits that it has not disclosed the name of in-house counsel Hall consulted to obtain confidential attorney-client legal advice. (Walmart asserts that counsel's name is neither relevant nor proportional to the case.)

In February 2020, Nasuti emailed Market Manager Ardie Wardell seeking approval for paid time-off ("PTO").

In Walmart's initial Rule 26 disclosures, it identified only Kacie Hall, Martha McAmis, and Corey Heiting as persons known to have discoverable information regarding Nasuti's termination. In response to Nasuti's interrogatory asking for the decision-makers, Walmart disclosed Kacie Hall and Ardie Wardell.

On March 17, 2020, Nasuti served Walmart with Document Request No. 1 which sought any documents regarding who made the decision to terminate him and which set out their corporate authority to terminate a person in his position.

On June 1, 2020, Walmart, in its discovery response to Document Request No. 1, neither identified nor provided any documents regarding the corporate authority of the terminating officials. Walmart also did not produce decisional documents generated by the persons who made the decision to fire Nasuti, other than an e-mail from Kacie Hall to Nasuti.

Walmart admits that it claims Kacie Hall and Ardie Wardell jointly made the decision to terminate Nasuti's employment.

Walmart admits that it has not pleaded ratification as an affirmative defense in this case.

## 2. Disputed Facts

Walmart denies Nasuti's allegation that Brandi Scheuermann informed Nasuti she did not possess the corporate authority to hire him, and it denies that the decision to hire Nasuti was made at corporate headquarters in Bentonville, Arkansas.

Walmart denies that Ardie Wardell said he lacked corporate authority to approve PTO for Nasuti in February 2020. Walmart asserts that Wardell informed Nasuti that he could not approve his PTO request because of the amount of time he had previously taken off, and that Nasuti would need to apply for a leave of absence instead.

Walmart denies that its assertion that Kacie Hall and Ardie Wardell jointly made the decision to terminate Nasuit's employment is inconsistent with its Rule 26 initial disclosures, which did not purport to identify everyone involved in the termination decision.

Walmart denies that Kacie Hall and Ardie Wardell lacked corporate authority to terminate Nasuti.

## 3. Did Kacie Hall and Ardie Wardell Have Authority to Terminate Nasuti?

Nasuti argues that he is entitled to judgment in his favor because Kacie Hall and Ardie Wardell did not have authority to terminate his employment and, therefore, his termination is void. Walmart has submitted affidavits of Kacie Hall and Ardie Wardell attesting that they had the authority to terminate Nasuti's employment. (Docs. 58-1, 58-2.) The existence of material facts as

to whether Hall and Wardell had authority to terminate Nasuti's employment precludes summary judgment in Nasuti's favor.[2]

**4. Discovery Disputes**

Nasuti accuses Walmart of failing to produce documents or otherwise comply with its discovery obligations. The Court made clear in its November 3, 2020 Order that it would rule on any discovery disputes. It stated, in relevant part:

> Because the parties will begin anew with discovery that is proportional to Nasuti's wrongful termination claims, all of the pending motions regarding discovery are denied. Now that the issues are narrowed the Court does not expect disputes over discovery, but if disputes arise and the parties are not able to resolve them, the Court will address them at that time.

(Doc. 47, p. 5.) The Court again encourages Nasuti to bring discovery disputes to the attention of the Court in accordance with the Local Rules and the Federal Rules of Civil Procedure.

**5. Scheduling**

The Court is aware that the parties have undertaken some discovery, and that Nasuti desires a trial date. In light of Nasuti's assertions that he does not intend to do any additional discovery, the Court will set short deadlines for completion of discovery in a separate Scheduling Order.[3] Accordingly,

    **IT IS ORDERED:**.

    1. That Plaintiff's Rule 56 Motion is denied (Doc. 56);

    2. That a Scheduling Order will be issued by a separate Order.

---

[2] Walmart also argues that Nasuti's ultra vires theory fails as a matter of law under South Dakota's employment at-will doctrine. For purposes of Nasuti's motion for summary judgment, the Court need not address the legal soundness of Nasuti's ultra vires theory because it is clear on the record that Nasuti's motion for summary judgment must be denied. Walmart has shown the existence of a genuine issue of material fact whether Hall and Wardell had authority to terminate Nasuti's employment.

[3] The Court recently referred Walmart's motion to compel Nasuti's deposition to the Magistrate Judge for resolution. (Doc. 64.)

Dated this 18th day of March, 2021.

                                    BY THE COURT:

                                    _____
                                    Lawrence L. Piersol
                                    United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK

_____