UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| MATT NASUTI,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>WALMART, INC.,<br><br>　　　　　　Defendant. | 5:20-CV-05023-LLP<br><br>ORDER GRANTING MOTION TO COMPEL PLAINTIFF'S DEPOSITION (DOC. 60) |

This case arises from an employment dispute which was removed to federal court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. Pending is Defendant's Motion to Compel Plaintiff's Deposition (Doc. 60). The pending motion was referred to this Magistrate Judge for resolution pursuant to 28 U.S.C. § 636. (Doc. 64).

**Factual Background**

In January, 2021, counsel for the defendant, Mr. Christopher Hedican, contacted the plaintiff, Mr. Matthew Nasuti, to schedule the deposition of Mr. Nasuti. On January 12, 2021, Mr. Nasuti sent an email response objecting to the taking of his deposition for several reasons. (Doc. 61, Ex. A). He stated he felt the deposition was premature because two pending motions, the Request for Immediate Trial Date (Doc. 53) and the Motion for Summary Judgment (Doc. 56), would render discovery moot; any deposition would have to take place in Mason City, Iowa because he did not have a vehicle to return to South

1

Dakota; and any deposition would have to take place outside because of COVID concerns.  Id.

Mr. Hedican responded to Mr. Nasuti's email on February 3, 2021.  He expressed his belief that the pending motions did not stay discovery.  To alleviate Mr. Nasuti's health and travel concerns, Mr. Hedican offered to take the deposition remotely at the Country Inn and Suites in Mason City, Iowa[1], in a conference room big enough for him and a court reporter to be socially distanced.  (Doc. 61, Ex. B).  Additionally, he offered to provide a laptop because Mr. Nasuti has reported he does not have access to a computer.  Id.  He also included a Notice to Take Video Deposition (Doc. 61, Ex. C), requiring Mr. Nasuti appear for a deposition consistent with the description above.

Mr. Nasuti again objected to the deposition on February 7, 2021.  He reiterated his COVID-19 concerns and his position that the deposition was unnecessary. He also argued his position that Fed. R. Civ. P. 30(b)(4) does not allow unilateral notice of a remote deposition. (Doc. 61, Ex. D).

On February 15, 2021, Mr. Hedican replied to Mr. Nasuti and stated that Walmart intended to go forward with the deposition as described.  (Doc. 61, Ex. E).  He also offered that if Mr. Nasuti could not make the scheduled date, he could propose another date that would work better for him.  Id.

The final email response from Mr. Nasuti occurred on February 20, 2021, just four days before the scheduled deposition.  He again stated he would not

---

[1] Mr. Nasuti moved to Mason City, Iowa after the initiation of this lawsuit and now resides there permanently.

attend the deposition and accused Mr. Hedican of harassing and abusing him. (Doc. 61, Ex. F).  He ended the email stating that all further communications would need to go through the US mail in order to "mitigate your [Mr. Hedican] abusive/impulsive actions." Id.

## Analysis

Walmart filed the pending Motion to Compel (Doc. 60) on February 23, 2021, asking that Mr. Nasuti be compeled to attend the deposition noticed for the following day.  In support of its motion, Walmart filed a memorandum in support of the motion, as well as a number of attachments including the Notice to Take Video Deposition.  (Doc. 61; Ex. C).

On March 12, 2021, Mr. Nasuti filed a declaration in opposition to the motion to compel.  (Doc. 63).  He argues that he should not be compelled to attend his deposition because 1) his two pending motions, the Request for Immediate Trial Date (Doc. 53) and the Motion for Summary Judgment (Doc. 56), render the deposition premature and should stay discovery; 2) Rule 30(b)(4) prohibits the unilateral noticing of a remote deposition; 3) he has not received Walmart's Rule 26 disclosures; 4) the deposition is not fair and he cannot afford to take depositions; 5) he has concerns about the safety of conducting a deposition during the COVID-19 pandemic; and 6) Walmart has engaged in abused and harassing behavior. (Doc. 63)

The defendant argues that Mr. Nasuti's pending motions do not stay discovery and that Mr. Nasuti was properly noticed of his deposition.  They also

3

contend they have offered accommodations to ensure a safe deposition, therefore eliminating any health risk to Mr. Nasuti or the court reporter.

### A. Applicable law

Rule 30 of the Federal Rules of Civil Procedure governs the taking of depositions of parties. The party seeking the discovery must simply issue a notice of deposition to the party they wish to depose with reasonable advance notice.  See FED. R. CIV. P. 30(b)(1).  The notice must set forth the day, time, and location of the deposition as well as the method by which the deposition will be recorded.  Even if the person to be deposed is a party, their attendance can be compelled by serving them with a subpoena under Rule 45.  See FED. R. CIV. P. 30(a)(1).

### 1. Mr. Nasuti's pending motions do not stay discovery.

"'A district court has broad powers of case management, including the power to limit discovery to relevant subject matter and to adjust discovery as appropriate to each phase of litigation.'" Klynsma v. Hydradyne, LLC, Civ. No. 13-5016-JLV, 2015 WL 2372686, at *1 (D.S.D. May 18, 2015) (quoting Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc., 200 F.3d 795, 803–04 (Fed. Cir. 1999)); see also Allen v. Agreliant Genetics, LLC, Civ. No. 15-3172-LTS, 2016 WL 5416418, at *2 (Sept. 26, 2016) ("Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, district courts have broad discretion to stay discovery."); Blair v. Douglas Cty., Civ. No. 8:11-349, 2013 WL 2443819, at *1 (D. Neb. June 4, 2013) ("[I]t is a settled proposition that a court has broad discretion and

inherent power to stay discovery until preliminary questions that may dispose of the case are determined.").

"Under Rule 26(c) of the Federal Rules of Civil Procedure, a party may move the court for a protective order staying discovery.  A court may only issue such an order, however, upon the movant's showing of good cause, including to avoid undue burden or expense." Klynsma, 2015 WL 2372686, at *1 (citations and internal quotation marks omitted).  Rule 26(c) "authorizes the court to limit discovery to certain subject matter or make adjustments to the standard discovery process 'for good cause . . . to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]'" Infodeli, LLC v. Western Robidoux, Inc., Civ. No. 4:15-00364-BCW, 2016 WL 6920524, at *2 (W.D. Mo. Feb. 22, 2016) (quoting Fed. R. Civ. P. 26(c)).  "The court may also control the timing and sequence of discovery pursuant to Federal Rule of Civil Procedure Rule 26(d)." Klynsma, 2015 WL 2372686, at *1 (citations and internal quotation marks omitted).

First, it must be noted that Mr. Nasuti failed the move the court for a stay regarding his noticed[2] deposition.  However, even assuming he moved the court for such relief, Mr. Nasuti has not provided good cause to stay discovery.  Mr. Nasuti has not shown that a deposition would cause him any undue burden or expense; he is the party plaintiff who elected to pursue litigation.  Mr. Hedican has proposed a plan that would allow Mr. Nasuti to remain in the

---

[2] The Scheduling Order notes that each deposition shall be limited to four (4) hours.  (Doc. 67).  The deposition notice incorrectly states that the deposition shall continue day to day until completed.

city where he now resides, Mason City, IA, thus eliminating any financial or time related burdens created by travel.  Additionally, Mr. Hedican has offered to provide a computer for Mr. Nasuti, eliminating any potential issues arising from his limited access to a computer.  Additionally, Mr. Nasuti has not argued, and the court has no reason to believe, that anything in the deposition would cause Mr. Nasuti any annoyance, embarrassment, or oppression.

Mr. Nasuti's primary argument is that his previously filed motions would render the deposition unnecessary.  The district court has since denied Mr. Nasuti's motions and therefore his argument in this regard is meritless.  See Docket 65.

### 2. Noticing of deposition

Mr. Nasuti asserts that Rule 30(b)(4) prohibits the unilateral noticing of a remote deposition.  This interpretation of Rule 30(b)(4) is incorrect.  While conferring between counsel and the litigant is the civilized route – and the court strongly encourages the parties to avail themselves to his method – there is nothing in the rules to compel such conduct.

### 3. Walmart's Rule 26 disclosures

Mr. Nasuti argues that he has yet to receive Walmart's Rule 26 disclosures and therefore, he is not required to participate in a deposition until the disclosures are received.  Walmart directs the court to Docket 70-1 as evidence that it has completed with Rule 26 disclosures on May 20, 2020.

Other than this pending motion to compel, the district court has previously resolved all discovery disputes and Mr. Nasuti cannot rely on his

dissatisfaction with Walmart's Rule 26 disclosures as grounds for his refusal to participate in his deposition.

### 4. Mr. Nasuti's deposition can be conducted safely; Mr. Nasuti lacks the resources to take deposition; Mr. Nasuti is being abused and harassed

Mr. Nasuti has also objected to being deposed on the basis of a potential health risk due to the ongoing COVID-19 pandemic. As of the date of this order, a vaccine for COVID-19 is widely available to everyone above the age of 12. Also, as of May 13, 2021, the Centers for Disease Control guidelines state it is safe for those who are vaccinated to be within 6 feet of each other and to not wear facemasks.

Even if Mr. Nasuti or the court reporter have not been vaccinated, Mr. Hedican has proposed a plan which would adequately provide for the safety of all participants in the deposition. Additionally, he has given Mr. Nasuti several opportunities to suggest alternatives, but Mr. Nasuti has offered nothing other than demands to postpone the deposition until an unknown date in the future.[3] In light of the precautions proposed by Mr. Hedican and the updated CDC guidelines and wide availability of a vaccine, the Court finds Mr. Nasuti's argument against conducting his deposition for COVID-19 related reasons is without merit.

As to Mr. Nasuti's argument that he lacks the resources to take deposition, the court finds this argument to be without merit. Rule 30(b)(3)

---

[3] The court finds these back and forth emails between the parties fulfill the "meet and confer" requirement of D.S.D. Civ. LR 37.1.

requires the noticing party to bear the recording costs.  Mr. Hedican has offered to conduct the deposition in a location where Mr. Nasuti resides.  If the parties are able to reach a mutual agreement as to a date and time, the cost to Mr. Nasuti will be minimal.

As for Mr. Nasuti's unsupported assertion that he was visited by private detectives presumably hired by Walmart, the court finds that even if true, would not serve as a basis to bar the deposition of a party plaintiff by the defendant.

## Conclusion

Based on the aforementioned reasons, it is hereby

ORDERED that the defendant's Motion to Compel Plaintiff's Deposition (Doc. 60) is granted,

ORDERED that the parties have until **Thursday, July 15, 2021**, to conduct Mr. Nasuti's deposition in the manner prescribed in the defendant's Notice to Take Video Deposition (Doc. 61, Ex. C) at a time and date mutually agreeable, not to exceed a four (4) time period.  It is further

ORDERED that if the parties are unable to arrange the deposition before July 15, 2021, Mr. Nasuti's deposition will take place on **Tuesday, July 27, 2021**, at 9:00 a.m. in Courtroom 2 of the Andrew W. Bogue Federal Building, 515 9th St., Rapid City, SD.

**NOTICE TO PARTIES**

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly

erroneous or contrary to law.  The parties have fourteen (14) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1)(A), unless an extension of time for good cause is obtained.  See FED. R. CIV. P. 72(a); 28 U.S.C. § 636(b)(1)(A).  Failure to file timely objections will result in the waiver of the right to appeal questions of fact.  Id.  Objections must be timely and specific in order to require review by the district court.  Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

    DATED this 8th day of June, 2021.

                                  BY THE COURT:

                                  DANETA WOLLMANN
                                  United States Magistrate Judge