UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| MATT NASUTI,<br><br>　　　　　　　Plaintiff,<br>vs.<br>WALMART, INC.,<br><br>　　　　　　　Defendant. | 5:20-CV-5023-LLP<br><br>MEMORANDUM OPINION AND ORDER DENYING MOTION TO AMEND |

Pending before the Court is a Motion to Amend Complaint filed by Plaintiff, Matt Nasuti ("Nasuti"). (Doc. 71.) For the following reasons the motion is denied without prejudice.

## BACKGROUND

On March 3, 2020, Nasuti filed this wrongful termination lawsuit against Walmart in South Dakota state court. Nasuti alleged that Walmart terminated his employment as assistant store manager at Walmart's Spearfish, South Dakota, store following his reports of abusive and illegal conduct by the store manager toward multiple male and female employees. Shortly thereafter, Nasuti filed an Amended Complaint in state court adding, among other things, a claim for punitive damages. (Doc. 1-2 at p. 11-24.) Nasuti asserted two claims: 1) breach of employment agreement and 2) public policy tort of retaliatory discharge. (Doc. 1-2 at pp. 17, 20.) In addition to punitive damages, he sought compensatory damages for lost pay, bonus and benefits, and he requested reinstatement, declaratory and injunctive relief. (Doc. 1-2 at p. 22.)

Walmart removed the action to this Court based on diversity of citizenship under 28 U.S.C. § 1332. On June 3, 2020, the Court issued a Memorandum Opinion and Order denying Nasuti's motion to remand the action to state court. (Doc. 17.) After the June 3, 2020 Memorandum Opinion and Order was issued, Nasuti asked for leave to file a Second Amended Complaint that included allegations unrelated to his wrongful termination claims. (Doc. 18.) He proposed a revised Second Amended Complaint on June 16, 2020. (Doc. 24.) Nasuti also filed several motions to compel and motions for sanctions.

1

Walmart asked the Court to hold a scheduling conference, certifying that "it has been unable to reach agreement with pro se plaintiff Matt Nasuti over the contents of the parties' Rule 26(f) Report." (Doc. 20.)

The Court scheduled a status conference. (Doc. 35.) During the status conference on July 2, 2020, the Court explained that one purpose of the conference was to establish the basic pleadings so that discovery would be proportional to the issues in the case. After listening to arguments from Nasuti and counsel for Walmart, the Court set a briefing schedule for the parties to address whether Nasuti had standing to assert his new claims on behalf of other Walmart employees. After reviewing the briefs, the Court held that Nasuti does not have standing to assert such claims. (Doc. 47.) The Court granted Nasuti's request to withdraw his motions for leave to file a Second Amended Complaint, and the case was set to proceed with the wrongful termination claims that Nasuti asserted in his First Amended Complaint. Because Nasuti's claims were then limited to whether Walmart wrongfully terminated his employment, any prayers for relief he requested on behalf of other Walmart employees were stricken from his First Amended Complaint.

After narrowing the issues and denying all pending motions related to discovery, the Court explained that the parties would begin discovery anew. (Doc. 47.) A protective order was issued to protect confidential information from being disclosed outside of this litigation. (Doc. 49.)

On November 6, 2020, the Court issued an Order for Discovery Report and Scheduling Information, directing the parties to meet and prepare a response, including proposed dates for discovery and motion deadlines. (Doc. 50.)

On November 20, Nasuti requested an immediate trial date, stating in part that he does not have the resources to begin discovery anew. (Doc. 53.) Walmart opposed Nasuti's request for an immediate trial date, indicating that it required more discovery "to assess the viability of a dispositive motion and if so pursue one." (Doc. 54, p. 1.)

In response to this Court's Order for a Discovery Report that was issued on November 6, 2020, Walmart filed a Discovery Report on December 11, 2020. (Doc. 55.) The Discovery Report stated that the parties participated in a telephonic Rule 26(f) conference on November 30, 2020. The Report includes statements from Nasuti about the case, but it states that "Mr. Nasuti indicates

that he does not believe that he can or will be able to pursue discovery and therefore the submission should not be regarded as a joint discovery plan." (Doc. 55, p. 2 n.1.)

On December 18, 2020, Nasuti filed a motion for summary judgment. (Doc. 56.) On March 18, 2021, the Court issued a Memorandum Opinion and Order denying the motion for summary judgment. (Doc. 65.) Recognizing Nasuti's request for an immediate trial date and decision not to do any additional discovery, the Court stated that it would set short deadlines for completion of discovery.[1] (*Id.*, p. 6) ("The Court is aware that the parties have undertaken some discovery, and that Nasuti desires a trial date. In light of Nasuti's assertions that he does not intend to do any additional discovery, the Court will set short deadlines for completion of discovery in a separate Scheduling Order.").

On April 6, 2021, the Court issued a Scheduling Order setting a deadline for all discovery to be completed by June 1, 2021. (Doc. 67.) The deadline to amend pleadings was scheduled for April 30, 2021. (*Id.*)

Meanwhile, Walmart had filed a motion to compel Nasuti's deposition. (Doc. 60.) The motion to compel was referred to the Magistrate Judge, and it was granted on June 8, 2021. (Doc. 74.) The Magistrate Judge's Order requires the parties to conduct Nasuti's deposition by Thursday, July 15, 2021, or if they can't agree, then it is to take place on Tuesday, July 27, 2021, at the federal courthouse in Rapid City. (Doc. 74.) The June 1, 2021 discovery deadline in the Scheduling Order was extended in order to accommodate the time for Nasuti's deposition, and the deadline for completion of discovery is now set for August 2, 2021.[2] (Doc. 75.)

On May 7, 2021, Nasuti filed a motion to amend his complaint. (Doc. 71.) He does not add new legal claims. Rather, he describes his proposed amendments as "somewhat minor tweaks

---

[1] In his Omnibus Motion filed on June 21, 2021, Nasuti asserts that the Court ignored his "motion" for an immediate trial date and to end discovery. (Doc. 78, p. 5.) There was no formal ruling because the document Nasuti titled as "Request for an Immediate Trial Date" in Docket 53 was not docketed as a motion to be ruled on. Nevertheless, the Court did not ignore Nasuti's request. The Court explicitly recognized Nasuti's request for an immediate trial date and his decision not to conduct additional discovery, and then set a shorter than usual deadline to complete discovery in the Scheduling Order. Nasuti's decision not to conduct further discovery does not preclude the defendant from conducting discovery to explore issues useful to its defense, including taking the deposition of the plaintiff. The Court is mindful of the difficulties that a pro se plaintiff faces, but a defendant also has a right to a fair trial.

[2] In response to an Order issued on July 7, 2021, the Court was advised that Nasuti's deposition was taken on July 2, 2021. (Doc. 83.)

3

to conform to a little of what I learned. They are more in the nature of variances in a few facts." (Doc. 71, p. 5.) Walmart opposes the motion to amend on the basis that Nasuti has not shown good cause for the proposed amendment under Rule 16(b) of the Federal Rules of Civil Procedure since the amendment deadline imposed by the Court's scheduling order had passed. (Doc. 73). Walmart also opposes Nasuti's motion to amend on the basis of futility. Finally, Walmart asserts the motion should be denied because Nasuti failed to comply with Local Rule 15.1 as he did not attach a proposed amended complaint to the motion. Nasuti did not submit a reply brief in support of the motion to amend. However, on June 21, 2021, Nasuti filed an "Omnibus Motion" with four parts: 1) a motion to strike three of Walmart's affirmative defenses; 2) a motion to compel discovery; 3) an appeal of the Magistrate Judge's ruling compelling his deposition; and 4) a motion for sanctions against Walmart. (Doc. 78.) Walmart filed a response to the Omnibus Motion on July 8, 2021.[3]

## DISCUSSION

"The Federal Rules of Civil Procedure liberally permit amendments to pleadings." *Dennis v. Dillard Dep't Stores, Inc.*, 207 F.3d 523, 525 (8th Cir. 2000); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). A timely motion to amend pleadings should normally be granted under Rule 15(a) absent good reasons to the contrary. *See Popp Telcom v. American Sharecom, Inc.*, 210 F.3d 928, 943 (8th Cir. 2000). A district court appropriately denies the motion to amend if "there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Moses.Com Securities, Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005) (internal quotation marks omitted).

However, when a party seeks leave to amend a pleading outside the deadline established by the Court's scheduling order, the party must satisfy the good-cause standard of Rule 16(b) rather than the more liberal standard of Rule 15(a). *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008). The "interplay between Rule 15(a) and Rule 16(b) is settled in this circuit."

---

[3] Due to the time deadline for Nasuti's deposition, the Court addressed his appeal of the Magistrate Judge's rulings without a responsive brief from Walmart. On July 7, 2021, the Court issued an Order granting in part and denying in part Nasuti's appeal of the Magistrate Judge's order compelling his deposition. (Doc. 80.)

*Id.* Scheduling orders issued pursuant to Rule 16(b) "must limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). When a scheduling order is issued pursuant to Rule 16(b), the "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Therefore, "if a party files for leave to amend [a pleading] outside of the court's scheduling order, the party *must* show cause to modify the schedule." *Sherman*, 532 F.3d at 716 (quoting *Popoalii v. Correctional Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008)) (internal quotation marks omitted). In these circumstances, "the application of Rule 16(b)'s good cause standard is not optional." *Sherman*, 532 F.3d at 716. "To permit district courts to consider motions to amend pleadings under Rule 15(a) without regard to Rule 16(b) would render scheduling orders meaningless and effectively . . . read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." *Id.* (internal quotation marks and citation omitted).

In the present case, because the Scheduling Order's deadline for amending pleadings passed on April 30, 2021 and the Motion to Amend was filed on May 7, 2021, one week past the deadline, the Court must apply the Rule 16(b) good-cause standard before considering whether an amendment is proper under Rule 15(a).

Nasuti seeks to amend his First Amended Complaint to change some of the language he used, and to add a few facts he learned during discovery. He states that he is unable to propose a complete Amended Complaint because he is "unclear what allegations the Court has deleted from the First Amended Complaint." (Doc. 71, p. 5.) Nasuti also alleges that this cannot possibly be the final amendment to his complaint because he still lacks most of the basic facts about his termination. (Doc. 71, p. 1.) He accuses Walmart of failing to disclose the following: 1) the employer's legal entity; 2) who made the actual decision to fire him; 3) the information the decision-maker relied on; 4) the administrative record or equivalent of his firing; 5) Walmart's employee manual; 6) his entire personnel file; 7) CCTV footage; 8) documents regarding Walmart's investigation of Nasuti's alleged misconduct; and 9) any negative or derogatory data concerning Nasuti in Walmart's possession. (Doc. 71, pp. 1-2.) Nasuti asserts that Walmart's withholding of discovery will require him to disclose his exhibit list and make motions, including motions to amend his complaint, during the trial as he learns about his case. (Doc. 71, p. 6.)

The Court will not grant an open-ended motion to amend. Granting Nasuti leave to amend throughout the course of the trial would render scheduling orders meaningless. Nasuti has failed to show good cause to allow a few factual amendments to his First Amended Complaint, and the motion to amend will be denied. The Court typically would include a futility analysis, but it is unable to do so because Nasuti has failed to submit a proposed Amended Complaint.[4] *See A.H. v. St. Louis Cty, Missouri*, 891 F.3d 721, 730 (8th Cir. 2018) ("Futility is always a basis to deny leave to file an amended complaint.") (citing *United States ex re. Roop v. Hypoguard USA, Inc.*, 559 F.3d 818, 824 (8th Cir. 2009)). For these same reasons, Nasuti's motion to amend would not be granted under Rule 15(a) even if it is considered timely.[5]

The problem Nasuti describes in his May 7, 2021 motion to amend is not a need to amend his complaint to add a new legal claim or a new defendant. Rather, Nasuti contends that Walmart's refusal to respond to his discovery requests for information regarding his termination leaves him lacking facts. In such a situation the proper avenue is to file a motion to compel.[6] On June 21, 2021, Nasuti filed a motion to compel discovery as part of his "Omnibus Motion." (Doc. 78). As stated above, on July 8, 2021, Walmart filed its response to Nasuti's Omnibus Motion, including his motion to compel discovery. The Court will rule on Nasuti's motion to compel discovery, as well as his motions to strike and for sanctions, once the issues have been fully briefed. Nasuti's motion to amend will be denied without prejudice in the event that the resolution of his remaining motions will require an amendment to the First Amended Complaint. Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Amend Complaint (Doc. 71) is denied without prejudice.

---

[4] Local Rule 15.1 requires the moving party to attach a copy of the proposed amended pleading to its motion to amend with proposed changes highlighted. *See* LR 15.1. Pro se litigants are obligated to adhere to the Court's Local Rules and the Federal Rules of Civil Procedure. *See, e.g., Burgs v. Sissel*, 745 F.2d 526 (8th Cir. 1984) ("Although pro se pleadings are to be construed liberally, pro se litigants are not excused from failing to comply with substantive and procedural law.").

[5] Nasuti asserts that he did not receive the Court's Scheduling Order with the April 30, 2021 deadline to amend until May 3, 2021. (Doc. 71, p. 1.)

[6] On November 3, 2020, the Court stated in an Order that "if disputes arise [over discovery] and the parties are not able to resolve them, the Court will address them at that time." (Doc. 47, p. 5.) On March 18, 2021, the Court again made clear that it would rule on any discovery disputes, stating that "[t]he Court again encourages Nasuti to bring discovery disputes to the attention of the Court in accordance with the Local Rules and the Federal Rules of Civil Procedure." (Doc. 65, p. 6.)

Dated this 14th day of July, 2021.

BY THE COURT:

/s/ Lawrence L. Piersol
Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK

/s/ Matthew Thelen