UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| MATT NASUTI,<br><br>              Plaintiff,<br>vs.<br><br>WALMART, INC.,<br><br>              Defendant. | 5:20-CV-5023-LLP<br><br>**ORDER** |

Pending before the Court is an Omnibus Motion filed by Plaintiff, Matt Nasuti ("Nasuti") on June 21, 2021. (Doc. 78.) There are five separate parts to the motion: 1) a motion to strike three of Walmart's affirmative defenses; 2) a motion to compel discovery; 3) an appeal of the Magistrate Judge's ruling compelling his deposition; 4) a motion for sanctions against Walmart; and 5) a request for an interlocutory appeal of the order denying Nasuti's motion for summary judgment. (Doc. 78.) Walmart filed a response to the Omnibus Motion on July 8, 2021. (Doc. 82.) Due to the time deadline for Nasuti's deposition, the Court addressed his appeal of the Magistrate Judge's rulings without a responsive brief from Walmart. On July 7, 2021, the Court issued an Order granting in part and denying in part Nasuti's appeal of the Magistrate Judge's order compelling his deposition. (Doc. 80.) In this Order the Court will rule on Nasuti's motion to strike affirmative defenses, motion to compel discovery, motion for sanctions, and motion for leave to file an interlocutory appeal. Walmart opposes the motions. (Doc. 82.)

## BACKGROUND

The factual background of this case was recently explained in this Court's July 14, 2021 Order (Doc. 85), and that background is incorporated herein by reference.

## DISCUSSION

### I. Motion to Strike Walmart's Affirmative Defenses 5, 6 and 8

Nasuti asks the Court to strike Walmart's fifth, sixth and eighth affirmative defenses. These defenses are: (1) after-acquired evidence; (2) waiver, estoppel and/or unclean hands; and (3) the statute of limitations. (Doc. 3, p. 5). Nasuti argues that these defenses should be stricken because Walmart failed to sufficiently respond to an interrogatory asking for all facts and arguments in support of the defenses.

1

Under Federal Rule of Procedure 8(b)(1), a party must "state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b)(1). In addition, Federal Rule of Civil Procedure 8(c)(1) requires a party, in responding to a pleading, to "affirmatively state any avoidance or affirmative defense." *Id.* 8(c)(1).

Nasuti first contends that the affirmative defenses are insufficiently pleaded. A court may strike an affirmative defense under Federal Rule of Civil Procedure 12(f) if it is "insufficient" or presents "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). In general, courts disfavor motions to strike under Rule 12(f) because "striking a party's pleadings is an extreme measure." *Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000) (citations omitted). Whether to grant a motion to strike lies within the discretion of the district court. *See id.* When considering a motion to strike, the court must view the pleadings in the light most favorable to the pleading party. *See, e.g., In re 2TheMart.com Secs. Litig.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000). The Court concludes that Walmart's affirmative defenses are sufficiently pleaded to provide Nasuti with fair notice of the defenses asserted. *See, e.g., Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979) (holding affirmative defense insufficiently pleaded if it fails to provide the plaintiff "fair notice" of the defense asserted), *abrogated in part on other grounds by Castro v. Cty. of L.A.*, 833 F.3d 1060 (9th Cir. 2016) (en banc).

Next, Nasuti argues that the affirmative defenses 5, 6 and 8 should be stricken as a discovery sanction due to Walmart's failure to provide information about the affirmative defenses in answer to Interrogatory 14. The Eighth Circuit has recognized that a discovery sanction pursuant to Federal Rule of Civil Procedure 37(b) should not be imposed by the trial court unless a Rule 37(a) order is in effect. *See Dependahl v. Falstaff Brewing Corp.*, 653 F.2d 1208, 1213 (8th Cir. 1981). "The prerequisite of a Rule 37(a) order insures that the party failing to comply with discovery is given adequate notice and an opportunity to contest the discovery sought prior to the imposition of sanctions." *Id.* Here, Walmart's affirmative defenses may not be stricken as a discovery sanction pursuant to Rule 37(b) because there is no Rule 37(a) order in force.

Walmart argues that sanctions should not be imposed in part because Nasuti did not serve any interrogatory analogous to Interrogatory 14 after discovery restarted. Walmart also asserts that it properly objected to Interrogatory 14 because providing all facts and arguments in support

of the affirmative defenses would have required Walmart to furnish privileged information, including the mental impressions of counsel.

The Court recognizes that this case has not followed the usual procedural path due, in part, to the parties' undertaking discovery before the issues were narrowed and prior to issuance of a Scheduling Order. Nasuti has indicated that he was unable to start discovery anew as directed by the Court after the issues for discovery and trial had been determined. Given the unusual path this case has taken, the Court will direct Walmart to supplement its answer to Interrogatory 14 by providing Nasuti with any unprivileged information in support of the legal and factual bases for affirmative defenses 5, 6 and 8. *See* Fed. R. Civ. P. 26(b)(1) ("[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party"). If no legal or factual issues exist for those defenses, the Court will consider a motion to strike the defenses in order to narrow the issues for trial.

## II. Compel Answers to Late Discovery Responses

On April 27, 2021, Nasuti mailed Walmart a set of interrogatories, requests for production and requests for admission. Because the discovery requests were sent by mail, Walmart had 33 days to send its responses. *See* Fed. R. Civ. P. 6(d). Thus, Walmart's responses were due to be sent on or before June 1, 2021. Due in part to the COVID-19 pandemic and an assistant working from home, the responses were not mailed until June 2, 2021.

Once Nasuti advised counsel for Walmart that the responses were sent a day late and Nasuti would not agree to an extension, Walmart moved for a one-day extension of time to respond. (Doc. 76.) Walmart submitted a brief in support of the motion, two declarations explaining the situation, and copies of correspondence with Nasuti. (Doc. 77.) According to defense counsel's declaration submitted with the motion for a one-day extension of time, Walmart had finished drafting its responses to Nasuti's discovery requests by June 1, 2021. That same day, counsel approved the discovery responses and asked an associate attorney to send them to his legal assistant so that she could arrange for service by mail on Nasuti. Normally, the legal assistant prints and mails discovery responses herself, but due to the Covid-19 pandemic, she was working from home on June 1, and therefore had to delegate this task to someone who works in the law firm's copy center. The declaration of the copy center employee states that he was busy on June 1 and he forgot to print and mail Walmart's discovery responses until the next day, June 2. (Doc. 77-4.) Counsel

for Walmart was unaware that the discovery responses had not actually been mailed on June 1 as he had requested and understood to have occurred until he received a letter from Nasuti.

Nasuti contends that counsel for Walmart falsely certified that he personally mailed the discovery responses by stating that he served the documents via U.S. first class mail on June 1, 2021. Nasuti believes this constitutes fraud on the Court. He asks the Court to find that Walmart waived all its objections to the discovery which was served by Walmart one day late, and to direct Walmart to re-respond and provide Nasuti with all the requested documents.

As set forth in its Order granting Walmart's motion for an extension of time,

> The Court does consider the one (1) day late filing to have been the result of excusable neglect under Fed. R. Civ. P. 6(b)(1)(B). The excusable neglect resulted at least in part from a change in office procedure due to COVID-19 and the resulting remote working. If electronic filing could have been used, the delay would not have taken place.

(Doc. 84.) For the same reasons the Court granted Walmart's motion for a one-day extension, the Court does not find that sanctions should be ordered for the discovery that was served one day late.

### III. Motion for Rule 26, 30, 34 and 37 Sanctions, and to Strike Walmart's Answer

This portion of Nasuti's Omnibus Motion has ten separate subparts. The subparts will be addressed in the order set forth in Nasuti's motion.

1. <u>Motion to Strike both of Walmart's 2021 Supplemental Rule 26 Disclosures</u>

Before discovery, parties have a duty to make initial disclosures under Rule 26, which includes disclosing the identities of persons "likely to have discoverable information . . . that the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(i). After the discovery phase has begun, a party who has responded to an interrogatory "must supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). While "[s]upplementations need not be made as each new item of information is learned," it "should be made at appropriate intervals during the discovery period." Fed. R. Civ. P. 26(e) advisory committee's note to 1993 amendment.

Under Rule 37(c)(1), if a party fails to make these required disclosures, a district court may prohibit the party from using "that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The Rule further states that, "[i]n addition to or instead of this sanction, the court, on

4

motion and after giving an opportunity to be heard . . . may impose other appropriate sanctions," including ones that are less severe or more severe than precluding the evidence. *Id.* Those sanctions include: (i) directing that the matters or facts be taken as established for purposes of the action; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or part; (iv) staying further proceedings until a court order is obeyed; (v) dismissing the action in whole or part; and (vi) rendering a default judgment against the disobedient party. Fed. R. Civ. P. 37(b)(2)(A). The "district court has wide discretion to fashion a remedy or sanction as appropriate for the particular circumstances of the case." *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008). "When fashioning a remedy, the district court should consider, *inter alia*, the reason for noncompliance, the surprise and prejudice to the opposing party, the extent to which allowing the information or testimony would disrupt the order and efficiency of the trial, and the importance of the information or testimony." *Id.*

On May 20, 2020, Walmart served its initial Rule 26(A)(1) disclosures on Nasuti, naming three individuals "likely to have discoverable information that" Walmart might use to support its defenses. (Doc. 78-2, pp. 834-37.) On March 18, 2021, Walmart served supplemental Rule 26(A)(1) disclosures naming ten individuals.[1] (*Id.*, pp. 838-43.) On May 25, 2021, Walmart served Nasuti with a second supplemental Rule 26(A)(1) disclosure, adding one more individual with discoverable information, for a total of eleven individuals. (*Id.*, pp. 844-49.)

Nasuti believes that Walmart's lawyers knew about all eleven individuals at the start of this litigation. There is nothing in the record to support that allegation. A trial date has not yet been set, and Walmart made two supplementations at "appropriate intervals" during the course of discovery. Nasuti's motion to strike Walmart's supplemental Rule 26 disclosures is denied.

---

[1] Rule 26(e) provides:
**(e) Supplementing Disclosures and Responses.**

   **(1)** *In General.* A party who has made a disclosure under Rule 26(a)--or who has responded to an interrogatory, request for production, or request for admission--must supplement or correct its disclosure or response:
   **(A)** in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or
   **(B)** as ordered by the court.
Fed. R. Civ. P. 26.

5

2. Concealing Witnesses

Nasuti asserts that counsel for Walmart has concealed over 40 witnesses and deceived the Court. It is not clear what this allegation is based on. In its brief, Walmart denies that it has prevented Nasuti from obtaining discovery about any person who played a role in his termination. Nasuti accuses Walmart's counsel of engaging in discovery misconduct and fraud without any substantiation.

3. Insider Threat

Here, Nasuti points to a March 2, 2020 email that was produced by Walmart in discovery. A copy is attached as Exhibit 9 to Nasuti's Omnibus Motion. The email chain shows that Kacie Hall sent Nasuti an email regarding termination of his employment at 11:15 AM on March 2, 2020. At 12:30 PM, Nasuti sent an email to Kristi Yarnall, a case manager in Associate Relations Investigations, asking her if she had approved it. At 12:36 PM, Yarnall emailed Ethics Manager, Monica Straube, asking if she had any information regarding the termination. At 1:24 PM, Straube sent the following message to Yarnall:

> I just checked my system and I don't see another case in our Ethics System that involves ASM Matt. I have no idea why they terminated Matt or for what reason. You many need to get clarification from the MHRM. That might help explain why Matt was a no show for your scheduled interview. Maybe the MHRM partnered with Insider Trust or some other Home Office department.

Nasuti asserts that this email is evidence that "Insider Trust" opened a file on him, and he alleges that there is a correlation between an investigation by the Insider Trust department and Walmart's retaliation against him. As indicated above, Walmart denies that it has prevented Nasuti from obtaining discovery about any person who played a role in his termination. Walmart states that it has identified the two individuals who made the termination decision, Artie Wardell and Kacie Hall. Nasuti's speculation that Walmart is hiding something about his termination is not enough to sanction Walmart for some unspecified discovery violation. He does not make clear what documents or information the Court should order be provided based on the reference to the Insider Trust department in the Straube email of March 2, 2020.

4. Sanctions for Walmart's 2021 "Document Dump"

Nasuti faults Walmart for providing him with 1038 pages of discovery information four and a half months after the Court issued a Protective Order. Nasuti says the records are unorganized, contain blackouts, deletions and blank documents. He accuses Walmart's lawyer of

6

withholding documents and of trying to hide documents by mixing them in with non-responsive records.

Walmart's lawyer explains that it served the documents as part of its supplemental Rule 26(A)(1) disclosures, which it sent after the discovery reset. Walmart Bates-stamped the documents and provided Nasuti a list of 16 topics to which the documents related. Walmart also provided Nasuti with an index setting forth by Bates number each document that is responsive to every one of Nasuti's interrogatories and requests for production. It included a privilege log.

Walmart asserts that any redactions conform to the Court's protective order and were explained in the privilege log provided by Walmart.[2] Walmart explained to Nasuti that the blank documents "represent email attachments of file types that cannot be imaged, such as a website or html pages or file types of unknown format." Walmart is also unable to view them. Nasuti says none of this helps him organize the records and that he remains "largely in the dark."

Though the Court sympathizes with the difficulties encountered by pro se plaintiffs at all phases of litigation, including discovery, there is no showing that Walmart simply dumped documents on Nasuti. Rather, Walmart attempted to organize the documents to permit Nasuti to locate and identify them. A review of the parties' filings related to Nasuti's Omnibus Motion shows that Walmart's lawyer is making a concerted effort to work with Nasuti. Walmart has provided Nasuti with numerous documents of relevant discovery and it does not appear to be attempting to frustrate Nasuti's discovery efforts. There is no evidence supporting a finding that Walmart is hiding documents behind its objections, redactions or deletions.

On this record there is no basis for concluding that sanctions are appropriate for the 2021 "document dump."

    5.   Sanctions for Administrative Record

Nasuti claims that there should be an "administrative record," or its equivalent, of his termination. Though Walmart says it produced items such as performance evaluations and documentation of disciplinary actions, Nasuti wants some sort of a more formal record of his termination. Walmart's lawyer asserts that there is no such thing, and that Walmart has not concealed any administrative records generated as part of Nasuti's employment termination. (Doc. 82, p. 9.) The Court has no reason to believe otherwise. Nasuti has not shown Walmart is

---

[2] The privilege log attached to Walmart's brief comports with Rule 26(b)(5).

attempting to hide an administrative record of his termination. The Court cannot sanction Walmart for failing to provide something that does not exist.

     6. <u>Sanctions for Personnel File</u>

Nasuti believes that Walmart is concealing anything that is complimentary to him in his personnel file. He assumes that the file must contain glowing reports about him because he was an "external" management hire and Walmart usually hires managers from inside the company. Walmart's lawyer contends that it has not concealed Nasuti's personnel file and, in fact, has "produced dozens of documents responsive to Nasuti's request for his personnel information." (Doc. 82, p. 9). There is no showing that Walmart is concealing complimentary documents from Nasuti's personnel file, and it is not clear how such documents are related to the termination of Nasuti's employment.

     7. <u>Sanctions for Walmart's Personnel Manual</u>

In response to Nasuti's request for a copy of the Walmart personnel manual, Walmart responded that it does not have a personnel manual as that term is commonly understood. Nasuti alleges this is a false statement. He asserts that the Employee Manual is downloaded on an internal server, accessible in each store. Nasuti attaches a copy of what he says is the cover page of an employee handbook as Exhibit 17 to his Omnibus Motion.

In response, Walmart submitted a declaration of Kacie Hall, who was the Human Resources Manager for Walmart's Spearfish store. (Doc. 82-3.) She said that Walmart used what they termed "associate handbooks" until approximately the late 1990s. Such handbooks have not been issued since Hall started working for Walmart in 2005. Hall avers that Nasuti's Exhibit 17 is not a Walmart policy or document of any kind. Again, the Court cannot sanction Walmart for failing to produce something that does not exist.

     8. <u>Spoilage Sanctions</u>

Nasuti claims that Walmart has either withheld or destroyed surveillance footage that would contradict a Walmart manager's allegation that Nasuti was always late for work. He says the footage is the only objective method for proving that he was not late to work.

Walmart responds that no evidence of spoilation exists, and that the footage is not relevant to his claims in this case because Nasuti was not terminated for being late to work. (Doc. 82, p. 11.) In fact, in response to one of Nasuti's discovery requests, Walmart said it terminated his

employment "because of his unwillingness to follow instructions and to respond positively to feedback." (Doc. 78-2, p. 10.)

Nasuti has cited no authority for the proposition that a plaintiff alleging wrongful termination is entitled to hours, days, weeks or years of video surveillance footage in order to prove he was never late for work. This Court's independent research did not unearth such a case. Furthermore, it is not clear how such footage would readily prove whether or not Nasuti was on time for work. Finally, Nasuti was not fired because he was late for work. The Court will not sanction Walmart for failing to produce the video surveillance footage.

9. Nasuti's Lack of Information about his Termination

In support of this section of his Omnibus Motion, Nasuti submits a declaration saying that so much evidence about his termination has been withheld that a fair trial is impossible. (Doc. 78, pp 28-37.) He alleges that it was not a "simple" wrongful termination; rather, there was a corporate-wide conspiracy surrounding his firing. He speculates as to who was involved and what departments had a hand in his termination. He does not believe that Kacie Hall and Ardie Wardell had the authority to fire him, nor does he believe they were the individuals who fired him even though Hall and Wardell submitted declarations under oath stating that they fired him and that they possessed the authority to fire him. (Docs. 58-1, 58-2.)

Walmart asserts that it has produced over 1,000 pages of documents in response to Nasuti's discovery requests, including dozens of documents regarding personnel information. It has produced hundreds of pages of documents concerning company policies. The documents were Bates stamped. Walmart included an index setting forth, by Bates number, each document that is responsive to every one of Nasuti's discovery requests. It has provided Nasuti with a privilege log.

Nasuti bears the burden of establishing that the Court should compel Walmart to produce more information in discovery. *See Bayview Loan Servicing, LLC v. Boland*, 259 F.R.D. 516, 518 (D. Colo. 2009) (citing *Daiflon, Inc. v. Allied Chemical Corp.*, 534 F.2d 221 (10th Cir. 1976) ("[A]ppellees had the burden of proving the answer to their interrogatory was indeed incomplete")). Nasuti must have more than mere supposition, conjecture or speculation that Walmart is hiding information regarding his firing. There is simply nothing in the record which suggests that Walmart failed to provide complete and accurate discovery or that it is withholding unprivileged information that is relevant to Nasuti's discovery requests.

9

The Court also notes that there is a limit on the number of discovery requests that the parties are allowed to make. The attachments to Nasuti's Omnibus Motion show that Walmart objected to Nasuti's Fourth Set of Interrogatories and his Ninth Set of Requests for Production of Documents because they exceed the limits provided in this Court's Scheduling Order and Federal Rule of Civil Procedure 33.[3] The Scheduling Order in this case provides in part, "a maximum of twenty-five (25) interrogatories and twenty-five (25) requests for admission and thirty (30) requests for production by each party to any other will be allowed." (Doc. 67.) Nasuti did not request leave to expand the number of interrogatories and requests for production. The Court has not seen all of Nasuti's discovery requests, but if they exceed the number allowed then that is one reason to sustain Walmart's objections to Nasuti's latest discovery requests. Despite its objection, Walmart responded to some of the interrogatories and requests for production.

10. Motion to Strike Walmart's Answer

Finally, Nasuti asks the Court to strike Walmart's answer "due to its extreme and intentional discovery misconduct, and due to the fact that no other reasonable sanction, cure or option is available to the Court." (Doc. 78, p. 24.)

Federal Rule of Civil Procedure 37(b)(2) authorizes a district court to impose sanctions upon parties who fail to comply with discovery orders. However, dismissal may be considered as a sanction only if there is: "(1) an order compelling discovery, (2) a willful violation of that order, and (3) prejudice to the other party." *Schoffstall v. Henderson,* 223 F.3d 818, 823 (8th Cir. 2000). Striking a pleading is an extreme sanction because " 'the opportunity to be heard is a litigant's most precious right and should be sparingly denied.' " *Chrysler Corp. v. Carey,* 186 F.3d 1016, 1020 (8th Cir. 1999) (quoting *Edgar v. Slaughter,* 548 F.2d 770, 773 (8th Cir. 1977)).

In this case, there is no order compelling discovery, and thus there is no willful violation of an order. Nasuti's motion to strike Walmart's answer is denied.

**IV.    Certifying Interlocutory Appeal**

Nasuti argues that this Court erred when it denied his motion for summary judgment. He wants the Court to certify an interlocutory appeal of that decision. The Court's decision was not a final and appealable order adjudicating all the claims and rights of the parties. The Court will

---

[3] Rule 33 provides in part, " a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Fed. R. Civ. P. 33(a)(1).

therefore construe the request as a motion for leave to certify the summary judgment order as final for interlocutory appeal under 28 U.S.C. § 1292(b).

Section 1292(b) allows a court to certify an order not otherwise appealable for immediate appeal if it finds "that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The Eighth Circuit has held that "[p]ermission to allow interlocutory appeals should thus be granted sparingly and with discrimination." *Union Cty., Iowa v. Piper Jaffray & Co., Inc.*, 525 F.3d 643, 646 (8th Cir. 2008). In this case, the order denying summary judgment does not meet the test necessary for certification of immediate appeal under 28 U.S.C. § 1292(b). Therefore, the Court declines to certify the order as final for immediate appeal. Nasuti's request for leave to certify is denied. Accordingly,

**IT IS ORDERED** that the Omnibus Motion filed by plaintiff Matt Nasuti, Doc. 78, is granted to the extent that, within twenty days from the date of this Order, Walmart shall serve a supplemental response to Interrogatory 14 and provide Nasuti with any unprivileged information in support of the legal and factual bases for affirmative defenses 5, 6 and 8. The Omnibus Motion is otherwise denied for the reasons set forth above.

Dated this 4th day of August, 2021.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK