UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| MATT NASUTI,<br><br>      Plaintiff,<br>vs.<br><br>WALMART, INC.,<br><br>      Defendant. | 5:20-CV-5023-LLP<br><br>ORDER |

Pending before the Court is a Motion filed by Plaintiff, Matt Nasuti ("Nasuti") entitled "Plaintiff's Motion to Transfer This Case to the Northern District of Iowa (Cedar Rapids), Due to Repeated Abuses by South Dakota Judges; Motion for Leave to Amend the Complaint (Assault)." (Doc. 81.) A large part of the motion contains objections to Magistrate Judge Wollmann's rulings on Walmart's motion to compel Nasuti's deposition. Nasuti asserts that he was assaulted by being forced to be deposed on July 2, 2021, citing his fear of contracting COVID-19 from Walmart's lawyer and the other two people in the room. Nasuti seeks to amend his complaint to add a claim for assault. Nasuti also requests to change Walmart's name on the Complaint to Walmart instead of Walmart, Inc. Sprinkled throughout the motion are references to being treated unfairly by the Magistrate Judge and this Court, and Nasuti ends by asking the Court to transfer the case to a district that will follow the Federal Rules and "which hopefully will act fairly and impartially." (Doc. 81, p. 9.)

## BACKGROUND

The factual background of this case was explained in this Court's July 14, 2021 Order (Doc. 85), and that background is incorporated herein by reference.

## DISCUSSION

### I. Nasuti's Deposition

Magistrate Judge Wollmann granted Walmart's motion to compel Nasuti's deposition. (Doc. 74.) When Nasuti appealed Judge Wollmann's rulings regarding the taking of his deposition, this Court reviewed the proceedings before Judge Wollmann. After concluding that Judge

Wollmann's rulings were not clearly erroneous or contrary to law, the Court denied Nasuti's motion for reconsideration except as to the portion of her Order requiring the deposition to be taken at the federal courthouse in Rapid City, South Dakota if the parties could not agree on a time and date. (Doc. 80.)

The Declaration of Christopher Hedican, counsel for Walmart, sets forth how Nasuti's deposition proceeded on July 2, 2021 in Mason City, Iowa, in the Board Room of the Hampton Inn & Suites hotel. (Doc. 87-1.) Four individuals attended: Nasuti, Hedican, the court reporter and the videographer. Everyone except Nasuti had been fully vaccinated against COVID-19. Nasuti wore a double-layered mask and each attendee stayed at least six feet away from Nasuti. At the time of the deposition, Nasuti did not object to the manner of taking the deposition.

The Court concludes that the deposition occurred in accordance with Walmart's Notice to Take Video Deposition (Doc. 61, Ex. C), and without harm to Nasuti. Depositions are a critical part of the discovery process. Nasuti's motion reflects that he understood, based on Judge Wollmann's rulings, that he needed to attend the deposition and answer the questions if he wanted his case to continue.

## II. Transfer to Iowa

Nasuti complains that this Court's rulings indicate bias in favor of Walmart and against Nasuti. Nasuti argues that this judicial bias requires transfer of the case to a different district court, and he would like it to be in the District of Iowa closer to where he has moved.

"Adverse rulings alone do not constitute personal bias and prejudice." *Hale v. Firestone Tire & Rubber Co.*, 756 F.2d 1322, 1330–31 (8th Cir. 1985). A trial judge "must be free to make rulings on the merits without the apprehension that if he makes a disproportionate number in favor of one litigant, he may have created the impression of bias. Judicial independence cannot be subservient to a statistical study of the calls he has made during the contest." *In re Int'l Bus. Mach. Corp.*, 618 F.2d 923, 929 (2nd Cir. 1980).

Nasuti's motion to transfer this case to the District of Iowa is based on his belief that "[t]his is a very bad District." (Doc. 81, p. 9.) Nasuti also claims in a footnote that "[v]irtually all of the key witnesses in this case reside in Arkansas." (Doc. 89, p. 2 n.2.) In its opposition to Nasuti's motion to transfer, Walmart argues that while Nasuti may not agree with all rulings by this Court, Nasuti chose to file his lawsuit in South Dakota and has otherwise not met the standard for a transfer of venue to the District of Iowa.

According to § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." A district court enjoys "broad discretion" when deciding whether to grant a motion to transfer. *See, e.g., Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1293 (7th Cir. 1989). Transfer motions "should not be freely granted." *In re Nine Mile Ltd.*, 692 F.2d 56, 61 (8th Cir. 1982), *abrogated on other grounds by Mo. Hous. Dev. Comm'n v. Brice,* 919 F.2d 1306 (8th Cir. 1990).

The Eighth Circuit has held that there are three general categories of factors courts must consider when deciding a motion to transfer: "(1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice." *Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997).

This motion to transfer is unusual in that Nasuti, who initially selected South Dakota in which to file his case, is the one seeking transfer. At the time he filed suit, Nasuti resided in South Dakota. His subsequent move to Iowa in no way makes the District of Iowa a more appropriate venue for this case. Walmart points out that the Spearfish store and nearly all of the Walmart associates involved in this lawsuit are located in South Dakota.

In addition to the fact that South Dakota is a more convenient forum for most of the witnesses, none of the events giving rise to the claim occurred in Iowa. This case arises out of the termination of Nasuti's employment at the Walmart store in Spearfish, South Dakota.

Furthermore, it is in the interests of justice to keep the case in South Dakota because South Dakota law applies to Nasuti's claims. Generally, it is preferable for local courts to consider local issues of law. *See Terra Int'l*, 119 F.3d at 696. In addition, this Court has ruled on numerous motions and has become familiar with the case. Judicial economy weighs against transferring the case to a new court at this juncture.

Also, as discussed above, having found no prejudice or bias against Nasuti in this district, which is the basis for his request for transfer, Nasuti has not shown cause to transfer venue on his asserted grounds of judicial bias and prejudice because neither exist. As such, transfer to the District of Iowa is not warranted here.

### III. Amendment to Add Assault Claim

The Court's Opinion issued on July 14, 2021 sets forth the standards for determining whether to allow an amendment to the complaint where, as here, a scheduling order governs amendments to the complaint. That discussion is incorporated herein by this reference. In this case, the Scheduling Order's deadline for amending pleadings passed on April 30, 2021.

Nasuti asks the Court to allow him to add a cause of action to his Complaint for assault against Walmart, based on allegations that he could have been exposed to COVID-19 during his deposition.[1] The South Dakota Supreme Court has explained:

> The claim of civil assault and battery can be proved if the defendant: "(a) [intended] to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact; and, (b) an offensive contact with the person of the other directly or indirectly results. Restatement (Second) of Torts § 18." *Reeves v. Reiman*, 523 N.W.2d 78, 82 (S.D.1994). "[T]he victim need not show a specific intent or design to cause the contact or to cause any singular and intended harm. What is forbidden is the intent to bring about the result which invades another's interests in a manner that the law forbids." *Id.* (citing *Frey v. Kouf*, 484 N.W.2d 864, 867 (S.D. 1992)).

*Stratmeyer v. Engberg*, 649 N.W.2d 921, 925–26 (S.D. 2002).

"Futility is always a basis to deny leave to file an amended complaint." *See A.H. v. St. Louis Cty, Missouri*, 891 F.3d 721, 730 (8th Cir. 2018) (citing *United States ex re. Roop v. Hypoguard USA, Inc.*, 559 F.3d 818, 824 (8th Cir. 2009)). An amendment is futile "if the proposed amended complaint does not establish a court's subject matter jurisdiction over the action" or fails to state a claim upon which relief may be granted. *See Walker v. Harmon*, Civ. No. 15-5037, 2016 WL 5376185, at *4 (D.S.D. Sept. 26, 2016) (citing *Am. Ins. Co. v. St. Judge Medical, Inc.*, 597 F.Supp.2d 973, 979 (D. Minn. 2009) (citing *Longie v. Spirit Lake Tribe*, 400 F.3d 586, 588 n.3 (8th Cir. 2005)); *Cornelia I. Crowell GST Trust v. Possis Med., Inc.*, 519 F.3d 778, 782 (8th Cir. 2008). Matters outside the pleadings may not be considered when conducting a futility analysis under Rule 12(b)(6) other than some public records, materials that do not contradict the complaint, or materials that are "necessarily embraced by the pleadings." *See Noble Systems Corp. v. Alorica Cent., LLC*, 543 F.3d 978, 982 (8th Cir. 2008); *Wheeler v. Hruza*, Civ. No. 08-4087, 2010 WL 2231959, at *2 (D.S.D. Jun. 2, 2010). Further, "a motion to amend should be denied on the merits

---

[1] For purposes of this motion, the Court will assume good cause exists for failing to meet the April 30, 2021 deadline for amending pleadings because the deposition took place on July 2, 2021 and Nasuti filed this motion on July 8, 2021.

only if it asserts clearly frivolous claims or defenses." *Becker v. Univ. of Neb. at Omaha*, 191 F.3d 904, 908 (8th Cir. 1999) (internal quotations omitted); *Popp Telcom v. Am. Sharecom, Inc.*, 210 F.3d 928, 944 (8th Cir. 2000) ("[I]n deciding whether to permit a proffered amendment, a court should not consider the likelihood of success unless the claim is 'clearly frivolous.'").

Nasuti has provided no authority that a cause of action for assault against the opposing party in a lawsuit based on possible exposure to COVID-19 (or any other disease) during a deposition is recognized under South Dakota law, or the law of any state. Furthermore, Nasuti does not allege that he contracted COVID-19. The Court cannot find that Nasuti's allegations constitute a cause of action under South Dakota law, and the Court concludes that Nasuti's proposed amendment must be denied as futile.

### IV.    Amendment to Change Name of Defendant

Nasuti asks the Court to allow an amendment to reflect that Nasuti is suing "Wal-mart" rather than "Walmart, Inc." The deadline to amend the pleadings in this case was April 30, 2021, and Nasuti has failed to show cause why the untimely amendment should be allowed. In addition, the motion is moot. Walmart acknowledges that Walmart, Inc. is the proper defendant, and Walmart has agreed not to argue that Nasuti has sued the wrong corporate entity. (Doc. 87, pp. 8-9.) Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Transfer This Case to the Northern District of Iowa (Cedar Rapids), Due to Repeated Abuses by South Dakota Judges; Motion for Leave to Amend the Complaint (Assault) is denied. (Doc. 81.)

Dated this 14th day of September, 2021.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK

5